COMAR LAW
D. Inder Comar (SBN 243732)
*inder@comarlaw.com*
901 Mission Street, Suite 105
San Francisco, CA 94103
Telephone: +1.415.640.5856
Facsimile: +1.415.513.0445

*Attorney for Plaintiff*
MYOUNG HO LEE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYOUNG HO LEE,<br><br>                Plaintiff,<br><br>  vs.<br><br>TATOUMIK LIMITED, d/b/a "Mary Katrantzou,"<br><br>                Defendant. | CASE NO.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND FEDERAL UNFAIR COMPETITION UNDER THE LANHAM ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Myoung Ho Lee ("Lee"), by counsel, complains of TATOUMIK LIMITED, d/b/a "Mary Katrantzou" ("Defendant") as follows:

## NATURE OF THIS ACTION

1. This is a suit for copyright infringement under the copyright laws of the United States (Title 17 of the United States Code) and unfair competition under the laws of the United States (Title 15 of the United States Code).

## PARTIES AND PATENTS

2. Plaintiff Myoung Ho Lee is a world famous Korean photographer who is known for his photography regarding landscapes and trees in South Korea.

3. Lee and his photographs – including the photograph at issue here – were profiled in the New York Times on May 3, 2013. *See* http://www.nytimes.com/interactive/2013/05/12/t-magazine/12document.html?_r=0. Lee has a United States copyright for the image "Tree... #3" with U.S. Copyright Registration No. VA0001968065.

*Tree... #3*

4. Lee is one of the most well known of Korea's photographers.

1

Lee's photographs have been often purchased by or displayed in many museums, galleries and corporations around the world including the J. Paul Getty Museum in Los Angeles, the Kiyosato Museum of Photographic Art in Japan, Air France in Paris, BES (Banco Espirito Santo) in Lisbon, the Progressive Insurance Corporation in Cleveland, the Fidelity Investment Group in New York, and the Statoil Art Collection in Oslo. Lee's artwork has been well known in the global art industry through numerous exhibitions and other various media exposure in the U.S., France and other European countries.

5. On information and belief, Defendant is a limited company organized under the laws of England. Defendant does business in this judicial district under the name "Mary Katrantzou" and sells good in this judicial district at https://www.marykatrantzou.com.

**JURISDICTION AND VENUE**

6. This Court has exclusive, subject matter and supplemental jurisdiction under 28 U.S.C. § 1338(a) (original jurisdiction over copyrights and trademarks; no state court jurisdiction over copyright actions).

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because Defendant transacts business within this district and offer for sale in this district products that infringe Lee's copyrights.

**INTRADISTRICT ASSIGNMENT**

8. This is an Intellectual Property Action to be assigned on a district-wide basis pursuant to Civil Local Rule 3-2(c).

## INFRINGEMENT OF LEE'S WORKS

9. Defendant has not had permission from Lee, and has not compensated Lee, for goods that are currently sold on Defendant's websites that are clear derivative images of images created by Lee, and that are protected by U.S. Copyright Registration No. VA0001968065.

10. Screenshots of these derivative images on Defendant's website and third party websites that are selling Defendants' goods are attached to this Complaint, all of which were still on display as of the time of the filing of this Complaint.

*Image of Mary Katrantzou bag being sold on "matchesfashion.com"*[1]



---

[1] http://www.matchesfashion.com/products/Mary-Katrantzou-T-Melina-coated-canvas-tote-1014222



*Image of Mary Katrantzou bag on "matchesfashion.com"*

COMAR LAW    COMPLAINT FOR COPYRIGHT INFRINGEMENT; FEDERAL UNFAIR COMPETITION

*Image of tshirt on Mary Katrantzou website*[2]

---

[2] https://www.marykatrantzou.com/shop/marys-a-to-z/t-for-tree-t-shirt?search=true

## CLAIMS FOR RELIEF

## COUNT I

**(Copyright Infringement against all Defendants)**

**(17 U.S.C. § 501, *et seq.*)**

11. Lee incorporates by reference and realleges the allegations set forth in paragraphs 1 through 10 above.

12. At all times relevant hereto, Lee has been the author and owner of the works reproduced, distributed, displayed and subject to derivative creations by Defendant. These reproductions, distributions and displays can be found, without limitation, at https://www.marykatrantzou.com/.

13. Lee owes a valid copyright to the derivative works now displayed on Defendants' website and attached hereto as Exhibit A, specifically, U.S. Copyright Registration No. VA0001968065. Without authorization, Defendant has created derivative works of these original, creative works protected by this U.S. Copyright Registration Number, reproducing and displaying the derivative works, and are thus infringing the copyright.

14. The image protected by U.S. Copyright Registration No. VA0001968065 has protectable elements under U.S. copyright law that have been infringed by Defendant.

15. Defendant knew that it had not paid for use of Lee's copyrights, knew it did not have permission to exploit Lee's works or to create derivatives therefrom, and knew its acts constituted copyright infringement. Defendant's conduct was and is willful within the meaning of the Copyright Act.

16. As a result of their conduct, Defendant is liable to Lee for copyright infringement pursuant to 17 U.S.C. § 501.

17. Lee has been and will continue to be irreparably harmed and

damaged by Defendant's conduct, and Lee lacks an adequate remedy at law to compensate for this harm and damage.

18. Lee is entitled to recover damages, which include its losses and any and all profits Defendants have made as a result of its wrongful conduct, pursuant to 17 U.S.C. § 504.

## COUNT II

### (False Designation of Origin Under Lanham Act against Defendant)
### Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

19. Lee incorporates by reference and realleges the allegations set forth in paragraphs 1 through 18 above.

20. Defendants' use of a derivative image of "Tree... #3" to promote, market or sell its services constitutes false designation of origin pursuant to 15 U.S.C. § 1125(a). Defendant's use of Tree... #3 is likely to cause confusion, mistake and deception amongst consumers in that it implies that Lee has given approval to Defendant to use the image, or that Lee is otherwise associated or affiliated with Defendant.

21. Because Defendant used a derivative image of Tree... #3 without properly paying for any license, and despite knowledge that they had no ownership over Tree... #3 or any permission to use it, Defendant's infringement has been and continues to be intentional and willful.

22. Lee has been and will continue to be irreparably harmed and damaged by Defendant's conduct, and Lee lacks an adequate remedy at law to compensate for this harm and damage.

23. Lee is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of Lee's intellectual property and copyright.

24. Lee has also sustained damages as a direct and proximate result of Defendants' conduct in an amount to be proven at trial.

25. Because Defendant's actions have been willful, Lee is entitled to treble its actual damages or Defendant's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## PRAYER FOR RELIEF

**WHEREFORE,** Lee asks this Court to enter judgment against Defendant and against each of Defendant's respective subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

1. A judgment that Defendant has infringed one or more of Lee's copyrights;

2. An order and judgment preliminary and permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of Lee's copyrights;

3. A judgment awarding Lee all damages adequate to compensate for Defendant's infringement of Lee's copyrights;

4. A judgment awarding Lee Defendant's profits that have been made as a result of Defendant's wrongful conduct;

5. A judgment that Defendant has engaged in false designation of origin and violated Lee's rights under 15 U.S.C. § 1125(a);

6. That Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by through or under authority from them, and each of them, be preliminarily and permanently enjoined from: (a) using Lee's copyrights; or (b) selling any goods or services that imitate or are confusingly similar to or in anyway similar to

Lee's copyrights, or that are likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Defendant's products or its connectedness to Lee;

7. That Defendant be required to file with the Court and serve on Lee within thirty (30) days after entry of the Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Injunction;

8. Any other remedy to which Lee may be entitled, including all remedies provided for in 17 U.S.C. §§ 502-505;

9. Any other remedy to which Lee may be entitled, including all remedies provided for in 17 U.S.C. § 1117, including treble damages and costs of suit and attorneys' fees;

10. Any other remedy to which Lee may be entitled under applicable law.

## TRIAL BY JURY DEMANDED

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rules 3-6, Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: October 19, 2015                    COMAR LAW

By  */s/ Inder Comar*
    D. Inder Comar
    Attorney for Plaintiff
    MYOUNG HO LEE

COMAR LAW          COMPLAINT FOR COPYRIGHT INFRINGEMENT; FEDERAL UNFAIR COMPETITION